UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GREGORY ATWATER,

Plaintiff,

v. Case No. 19-cv-1576-bhl

JEFFREY ROLLINS, et al.,

Defendants.

---

**ORDER**

---

Plaintiff Gregory Atwater, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. Dkt. No. 1. In October 2020, the Court screened the original complaint and concluded that Atwater could not proceed with it because it violated Fed. R. Civ. P. 18(a) and 20(a)(2) by combining unrelated claims against unrelated defendants in a single lawsuit. *See* Dkt. No. 9 at 9. The Court ordered Atwater to choose between his First Amendment retaliation claim against Galligan, his Eighth Amendment excessive force claim against Nickel and Rollins, his Eighth Amendment medical care claim against Lampe and Hoftiezer, or his Fourteenth Amendment due process claim against John, Menne, Schneiter and Rice. *Id.* The Court also noted that the complaint likely violated Wisconsin's six-year statute of limitations that applied at the time of the alleged events. *Id*. at 10-11. The Court gave Atwater an opportunity to file an amended complaint by February 22, 2021, if he wanted to continue pursuing this lawsuit. Dkt. No. 14. It warned Atwater that failure to file an amended complaint would result in the case being dismissed on the next business day. Dkt.

Nos. 9 and 14. The Court did not timely receive an amended complaint, so it dismissed this case on the next business day. Dkt. No. 16-17.

On March 16, 2021, Atwater filed a motion to reconsider explaining that he tried to file two separate complaints on February 18, 2021. Dkt. No. 20. The first complaint was an amended complaint intended for this case and the second complaint was a new complaint involving a different matter. *Id*. It appears that the clerk's office assigned the new case (*Atwater v. Manne*, 21-cv-225-pp) to a different judge then accidently docketed the amended complaint intended for this case in that other case. *Id*. Given that Atwater timely submitted his amended complaint on February 19, 2021, the Court will grant his motion to reconsider and will direct the clerk's office to reopen the case.

The Court has reviewed the amended complaint and it cures the deficiencies identified in the screening order. *See* Dkt. Nos. 9 and 18. Atwater seeks to proceed only with his excessive force claim against Julie Nickels and Jeffrey Rollins regarding the August 9, 2013 incident. *See* Dkt. No. 18, ¶¶40-41. He also alleges that he received a final decision on his inmate complaint regarding excessive force on October 29, 2013. *Id*., ¶39. The statute of limitations is tolled pending exhaustion of administrative remedies, *see Givens v. Luedtke*, 587 F. App'x 979, 981 (7th Cir. 2014); thus, it appears as though Atwater timely filed this case on October 28, 2019, one day before the statute of limitations lapsed. Accordingly, Atwater may proceed with an Eighth Amendment claim that Julie Nickels and Jeffrey Rollins used excessive force on August 9, 2013.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to reconsider (Dkt. No. 20) is **GRANTED**. The clerk's office is directed to reopen this case.

The Court finds that Atwater may proceed with an Eighth Amendment claim that Julie Nickels and Jeffrey Rollins used excessive force on August 9, 2013.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of the amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Julie Nickels and Jeffrey Rollins.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, that Julie Nickels and Jeffrey Rollins shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin this 24th day of March, 2021.

s/ *Brett H. Ludwig*
Brett H. Ludwig
United States District Judge