UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

GREGORY ATWATER,

                      Plaintiff,

v.                                                     Case No. 19-cv-1576-bhl

JEFFREY ROLLINS, et al.,

                      Defendants.

─────────────────────────────────────────────

## DECISION AND ORDER

─────────────────────────────────────────────

Plaintiff Gregory Atwater is representing himself in this 42 U.S.C. §1983 case. On December 22, 2021, Defendants filed a summary judgment motion. Dkt. No. 32. About a week later, at Atwater's request, the Court extended Atwater's response deadline to February 21, 2022. Less than a week after that, on January 5, 2022, Atwater filed a motion to stay Defendants' motion and to reopen discovery. Dkt. No. 40. In support of his request, Atwater notes that Defendants filed their motion two days before the dispositive motion deadline. He also explains that, because he is in segregation, he does not have access to his legal materials, and he has had only limited time at the law library. Atwater also asserts that Defendants failed to respond to his fourth set of document requests, which he states he filed prior to the discovery deadline.

The Court will deny Atwater's motion. It is of no consequence that Defendants filed their summary judgment motion before the dispositive motion deadline. Although the parties were not permitted to file a dispositive motion *after* the deadline, nothing precluded the parties from filing a dispositive motion *before* the deadline. The deadline was simply the last day that a dispositive motion could be filed. Further, as noted, the revised response deadline is still more than six weeks

away. Atwater does not state when he expects to have his legal materials returned to him, but if he still does not have his materials as the deadline approaches, he may move for another extension of his response deadline. As to his concern that he has only limited access to the law library, the Court reminds Atwater that summary judgment rises or falls on whether there is a genuine dispute of material fact. The Court is familiar with the law and does not require Atwater to explain the legal basis of his claim so much as to indicate which facts asserted by Defendants are in dispute. Atwater knows the facts of his case, and unlimited access to the law library will not assist him in identifying which facts are in dispute.

Finally, Atwater states that he served his final set of document requests before the discovery deadline, but he does not clarify if he served it far enough in advance of the deadline to allow Defendants to respond by the deadline. Atwater also fails to comply with Civil L. R. 37, which requires a party to first raise any concerns about discovery with the opposing party before involving the Court. Finally, discovery closed more than a month ago, and Atwater does not explain why he waited until now to raise this issue. The Court will not further delay this case by reopening discovery. Because Atwater has failed to present good cause for staying Defendants' summary judgment motion, the Court will deny his motion.

**IT IS THEREFORE ORDERED** that Atwater's motion to stay summary judgment (Dkt. No. 40) is **DENIED**

Dated at Milwaukee, Wisconsin on January 7, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge