UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREGORY ATWATER,

    Plaintiff,

v.                                          Case No. 19-cv-1576-bhl

JEFFREY ROLLINS, et al.,

    Defendants.

## ORDER

Plaintiff Gregory Atwater, who is representing himself, is proceeding with a claim that defendants Jeffrey Rollins and Julie Nickel used excessive force on August 9, 2013 at the John Burke Correctional Center. Dkt. No. 21. Discovery closed November 24, 2021; and dispositive motions were due December 24, 2021. Dkt. No. 31. The defendants filed their motion for summary judgment on December 22, 2021, and the Court ordered Atwater to respond to the motion by February 21, 2022. Dkt. Nos. 32, 36, & 39. Atwater then filed a motion to stay summary judgment and reopen discovery, which the Court denied on January 7, 2022 because he did not explain why he waited over a month after discovery closed to identify discovery issues. Dkt. No. 42.

Atwater has since filed a motion for relief from judgment under Rule 60(b), a motion to strike the defendants' motion for summary judgment, and a motion for extension of time to respond to the motion for summary judgment. Dkt. Nos. 43-44. In short, the motions claim that Atwater was "surprised" that the defendants raised a statute of limitations defense in their motion for summary judgment, and as a result, he did not get an opportunity to conduct discovery to respond to that argument. The Court has reviewed the defendants' answer, *see* Dkt. No. 26, and it appears

that the defendants did not raise the statute of limitations as an affirmative defense, *id*. at 8-9, as required by Federal Rule of Civil Procedure 8(c)(1). Thus, though the Court mentioned the statute of limitations in both screening orders, *see* Dkt. Nos. 9 and 21, the Court understands why Atwater did not know to seek discovery on an affirmative defense that was not clearly plead in the answer.

Ordinarily, an affirmative defense is waived if it is not raised in the answer. *Venters v. City of Delphi*, 123 F.3d 956, 968 (7th Cir. 1997) (concluding that §1983 defendants "waived their statute of limitations defense in [the] case [because] [t]hey did not include that defense in their answers to the original and amended complaints….and [the] only mention of the statute of limitations came in their reply memorandum in support of the motion for summary judgment, submitted a year after the case was filed.") However, "[the] district court has the discretion to allow an answer to be amended to assert an affirmative defense not raised initially." *Jackson v. Rockford Housing Auth.*, 213 F.3d 389, 392 (7th Cir. 2000). "The general rule [is] that amendment is allowed absent undue surprise or prejudice to the plaintiff." *Id.* at 393 (citation omitted).

Here, Atwater would clearly be prejudiced if he were not allowed to conduct discovery regarding the statute of limitation issue. But the Court also is not inclined to delay or complicate the case by unwinding months of litigation or striking arguments and documents from the docket. Instead, the Court will allow the defendants to amend their answer to include the statute of limitations as an affirmative defense, and it will also allow Atwater to conduct limited discovery to respond to the argument. Accordingly, discovery is reopened until **June 28, 2022** for the limited purpose of the plaintiff conducting discovery on the statute of limitation issue. Atwater is advised that he must serve his discovery requests by a date sufficiently early so that discovery is completed no later than the date above. This means that Atwater must serve his requests at least sixty days *before* the deadline above to allow the opposing party sufficient time under the rules to respond by the deadline. The Court will also grant Atwater's motion for an extension of time to respond to

2

summary judgment. Atwater may file his materials in response to the motion on or before **July 28, 2022**.

The Court will deny Atwater's motion for relief from judgment because the Court has not yet entered a "judgment" in this case. Similarly, the Court will deny Atwater's motion to strike the defendants' motion for summary judgment because judicial efficiency is best served by allowing the defendants to amend their answer to raise the statute of limitations as an affirmative defense.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for extension of time (Dkt. No. 43) is **GRANTED**. Discovery is reopened until **June 28, 2022** for the limited purpose of the plaintiff conducting discovery on the statute of limitation issue. The plaintiff's deadline to respond to the defendants' motion for summary judgment is extended to **July 28, 2022**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for relief from judgment and motion to strike the defendants' motion for summary judgment (Dkt. No. 44) are **DENIED**.

Dated at Milwaukee, Wisconsin on March 28, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge