UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREGORY ATWATER,

    Plaintiff,

v.                                                                   Case No. 19-cv-1576-bhl

JEFFREY ROLLINS, et al.,

    Defendants.

## ORDER

    Plaintiff Gregory Atwater, who is representing himself, is proceeding on a claim that defendants Jeffrey Rollins and Julie Nickel used excessive force on August 9, 2013 at the John Burke Correctional Center. Dkt. No. 21. Discovery initially closed on November 24, 2021; and dispositive motions were due December 24, 2021. Dkt. No. 31.

    On December 22, 2021, the defendants timely filed a motion for summary judgment based on the statute of limitations. Dkt. No. 32. Through subsequent filings, the Court became aware that the defendants never asserted the statute of limitations as an affirmative defense in their original answer, *see* Dkt. No. 26, so the Court entered an order on March 28, 2022 directing the defendants to file an amended answer to assert the defense and reopening discovery until June 28, 2022 for the limited purpose of allowing Atwater to properly investigate and respond to the issue. Dkt. No. 46. The Court then ordered Atwater to file his materials in response to the motion for summary judgment by July 28, 2022. *Id*.

    Since then, Atwater has filed two motions to reconsider and a motion to strike the amended answer. Dkt. Nos. 48-50. In his first motion to reconsider, Atwater asserts that the Court abused

its discretion in its March 28 order by allowing the defendants to file an amended answer without: (1) requiring the defendants to seek leave of the Court to file an amended answer; and (2) explaining why they failed to raise the statute of limitations in the original answer. Dkt. No. 48. The Court, however, has inherent power to "control their dockets and manage the flow of litigation." *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011); *see also Ebmeyer v. Brock*, 11 F.4th 537, 546 (7th Cir. 2021). It is within the Court's discretion to direct either party to correct deficient filings and pleadings and to reopen discovery to fully investigate and litigate relevant issues. Moreover, the Seventh Circuit has specifically explained, "[a]s a rule, we have allowed defendants to amend [the answer] when the plaintiff had adequate notice that a statute of limitations defense was available, and had an adequate opportunity to respond to it despite the defendant's tardy assertion." *Burton v. Ghosh*, 961 F.3d 960, 966 (7th Cir. 2020). The Court's March 28 order is consistent with this directive—it gave Atwater adequate notice of the statute of limitations defense and it gave him adequate opportunity to respond to it by reopening discovery and extending the summary judgment response deadline.

Atwater reiterates throughout his filings that he has been "prejudiced" by the Court's March 28 order but it is not clear that he has been *unfairly* prejudiced. For example, if there is evidence that was available prior to the original November 24, 2021 discovery deadline that is no longer available now, Atwater should bring that to the Court's attention. But short of some unfairness resulting from the late assertion of the defense, Atwater's conclusory assertions of prejudice are unavailing. More specifically, the mere fact that Atwater does not like that defendants are able to raise a potentially meritorious defense is not prejudice. In this legal context, "prejudice" does not mean "whether the defense will succeed on the merits and cause the plaintiff to lose." *Burton*, 961 F.3d at 966. It means "unfair prejudice," meaning "the late assertion of the

defense causes some unfairness independent of the potential merits of the case." *Id*. Here, Atwater has not shown any unfair prejudice because he has been given the opportunity to properly investigate and respond to the statute of limitations issue. The Court will therefore deny the first motion for reconsideration.

In his motion to strike, Atwater states that the Court should strike the amended answer as "futile" under Federal Rule of Civil Procedure 12(f) because the Court already concluded in the screening order that he complied with the statute of limitations. Dkt. No. 49. But the Court did not draw any definitive legal conclusions about the merits of statute of limitations issue in the screening order. *See* Dkt. No. 21. Instead, it noted that Atwater plead enough facts about the statute of limitations to survive screening. *Id*. The defendants are entitled to challenge those factual pleadings either through a motion to dismiss or through summary judgment. *See e.g. Harris v. Ruthenberg*, 62 F. Supp. 3d 793, 800 (N.D. Ill. 2014)("Courts that have addressed the question of whether a complaint can be dismissed after it survives § 1915A screening have, almost invariably, answered yes."). The Court will deny the motion to strike.

Finally, in his second motion to reconsider, Atwater states that he did not get to properly conduct discovery on the merits because he was in the hospital and/or in segregation at the time discovery initially closed in November 2021. Dkt. No. 50. But Atwater was required to conduct discovery such that it was <u>complete</u> by the November 2021 deadline. *See* Dkt. No. 27. This means he should have served his requests at least sixty days *before* the deadline to allow the defendants sufficient time under the rules to respond by the deadline. *Id*., ¶1. His placement in the hospital and/or in segregation at the time discovery closed would not have affected the litigation had he timely served his discovery requests in September 2021. In any event, the Court need not resolve the issue at this time. The pending motion for summary judgment only raises one issue—the

3

statute of limitations. *See* Dkt. No. 33. If Atwater survives summary judgment, this case will go to trial and the Court will attempt to recruit counsel for trial. At that time, the Court can reassess whether additional discovery on the merits is necessary. The Court will therefore deny the second motion for reconsideration.

The Court advises Atwater to focus his efforts on conducting discovery on the statute of limitations issue and responding to the pending motion for summary judgment.

**IT IS THEREFORE ORDERED** that the plaintiff's motions for reconsideration (Dkt. Nos. 48 and 50) are **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to strike (Dkt. No. 49) is **DENIED**.

Dated at Milwaukee, Wisconsin on May 26, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge