UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GREGORY ATWATER,

    Plaintiff,

    v.                                                     Case No. 19-cv-1576-bhl

JEFFREY ROLLINS, et al.,

    Defendants.

---

## ORDER

---

Plaintiff Gregory Atwater, who is representing himself, is proceeding with a claim that defendants Jeffrey Rollins and Julie Nickel used excessive force on August 9, 2013 at the John Burke Correctional Center. Dkt. No. 21. On December 22, 2021, the defendants filed a motion for summary judgment based on the statute of limitations. Dkt. No. 32. On March 28, 2022, the Court reopened discovery until June 28, 2022 for the limited purpose of allowing Atwater to conduct discovery and respond to the statute of limitations affirmative defense. Dkt. No. 46. The Court then extended the summary judgment response deadline to July 28, 2022. *Id*.

Since then, Atwater has filed numerous motions to reconsider, all of which the Court has denied because he was not *unfairly* prejudiced by the defendants' late assertion of the statute of limitations affirmative defense. Dkt. No. 52. The Court advised Atwater to focus his efforts on conducting discovery on the statute of limitations issue and responding to the pending motion for summary judgment. *Id*. at 4. Rather than doing that, he has filed another motion for reconsideration of the order denying his second motion to appoint counsel and he has filed a third

motion to appoint counsel. Dkt. Nos. 53-54. The Court will deny both motions because they are repetitive and without merit.

In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). In exercising its discretion, the Court must consider two things: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

To satisfy the first prong, the Court must determine that a plaintiff made a good faith effort to hire counsel on his own. *Pickett v. Chicago Transit Auth.*, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. To demonstrate he satisfied the first prong, Atwater must show he contacted at least three lawyers and provide the Court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan*, 987 F.3d at 682. When considering the second prong, the Court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The Court looks at "whether the difficulty

2

of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491.

Atwater has satisfied the first prong for recruitment of counsel. *See* Dkt. No. 54-1. But the Court still will not recruit counsel at this time. As explained in prior orders, this case is not legally complex because it only involves a dispute of fact regarding the amount of force used on August 9, 2013; it does not need "eye-witnesses" to create that dispute of fact because the relevant facts are within Atwater's knowledge; and Atwater's inability to afford counsel and/or inexperience in civil litigation are circumstances true for all *pro se* litigants and are not enough to warrant recruitment of counsel. *See* Dkt. No. 29. Further, Atwater's filings are still clear, organized, and coherent, and the Court still does not have any concerns about his ability to communicate relevant information.

Atwater raises two new arguments, but neither has merit. First, Atwater states that he is now located at a different institution than the one at which the incident occurred. Atwater's relocation does not change the Court's analysis because the relevant facts remain within Atwater's own knowledge. He does not need evidence from his prior institution to prosecute his claim or respond to any defenses. Second, contrary to Atwater's assertion, the statute of limitations affirmative defense, along with its intersection with the rules of exhaustion, does not complicate the case. The Court is familiar with the law and only needs Atwater to provide the relevant facts. Indeed, the defendants have only proposed <u>seven</u> facts total describing when Atwater filed his inmate complaints and appeals related to the excessive force incident from 2013. *See* Dkt. No. 34.

3

All Atwater must do at this point in the litigation is respond to those seven facts. The Court's summary judgment "notice and order" gave him specific information on how to respond to those facts. Dkt. No. 36. For example, Atwater can use an affidavit or an unsworn declaration under 28 U.S.C. §1746 if he believes that any of the dates proposed by the defendants are incorrect or if he has an explanation as to why certain documents were filed on certain dates. An attorney is of little use at this point in the litigation because even the most skilled attorney cannot change the underlying facts, which are well within Atwater's knowledge. The Court will therefore deny the motion for reconsideration and motion to appoint counsel.

The Court will again advise Atwater to focus his efforts on reading the defendants' proposed findings of fact, *see* Dkt. No. 34, and responding to them by either agreeing with the fact or disputing the fact. His response materials are still due **July 28, 2022**. Atwater likely will not receive any more extensions of time on that deadline given that he continues to inundate the Court with repetitive motions rather than litigating the case as the Court has instructed. And as explained before, if this case survives summary judgment, the Court will attempt to recruit counsel for trial and it will reassess whether additional discovery on the merits is necessary.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration (Dkt. No. 53) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's third motion to appoint counsel (Dkt. No. 54) is **DENIED**.

Dated at Milwaukee, Wisconsin on June 1, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
